IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRADLEY W. NOE,
      Petitioner,

vs.                              Case No.:  3:13cv647/MCR/EMT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 13).  Petitioner responded in opposition to the motion  (doc. 16).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 13).[1] Petitioner was charged in the Circuit Court in and for Okaloosa County, Florida, Case No. 2007-CF-

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 13) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

2737, with one count of racketeering (Count 1), one count of conducting unlawful financial transactions (Count 2), and one count of organized fraud (Count 3) (Ex. C at 63–65).  Petitioner entered a written plea agreement, pursuant to which the parties agreed as follows:  (1) Petitioner would plead guilty as charged; (2) the arrest report, offense report, or probable cause affidavit provided a factual basis for the plea; (3) Petitioner would be sentenced pursuant to the Criminal Punishment Code; (4) Petitioner's sentence would not be enhanced with a habitual offender enhancement; (5) Petitioner's sentence would run concurrently with any sentence imposed by the State of Georgia; (6) the court would reserve jurisdiction to determine the amount of restitution; and (7) the amount of restitution would not exceed $525,000.00 (*id.* at 107–10).  The court conducted a colloquy and accepted the plea (*id.* at 220–56).  On August 9, 2010, the court sentenced Petitioner to concurrent terms of fifteen years of imprisonment, with pre-sentence jail credit of 584 days, to be followed by fifteen years of probation, to run concurrently with any sentence imposed by the State of Georgia (*id.* at 127–32, 258–80).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D10-4516 (Ex. D).  Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (*id.*).  Petitioner was provided an opportunity to file a pro se initial brief (Ex. E).  The First DCA affirmed the judgment per curiam without written opinion on April 20, 2011 (Ex. F).  Noe v. State, 60 So. 3d 391 (Fla. 1st DCA 2011) (Table).  The mandate issued May 17, 2011 (Ex. G).  Petitioner did not seek further review.

On May 5, 2011, Petitioner filed a motion to modify sentence (Ex. H).  The state circuit court denied the motion on June 28, 2011 (Ex. I).

On July 24, 2012, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. K at 1–23).  On February 5, 2013, the state circuit court summarily denied the motion (*id.* at 256–61).  Petitioner appealed the decision to the First DCA, Case No. 1D12-1990 (Ex. L).  The First DCA per curiam affirmed without written opinion on October 17, 2013, with the mandate issuing December 30, 2013 (Exs. N, Q).  Noe v. State, 126 So. 3d 1061 (Fla. 1st DCA 2013) (Table).

Petitioner filed the instant habeas action on December 17, 2013 (doc. 1 at 1, 6). Respondent asserts that the petition is untimely and should be dismissed (doc. 13).

II.      ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends, and Petitioner does not dispute, that the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (*see* doc. 13 at 4; doc. 16 at 1). The parties also agree that the judgment in Petitioner's case became final, for purposes of § 2244(d)(1)(A), upon expiration of the 90-day period in which Petitioner could have sought review of the First DCA's April 20, 2011 decision in the United States Supreme Court (*see id.*). Thus, the judgment became final on July 20, 2011.[2] Petitioner had one year from that date, until July 20, 2012, to file his federal petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318

---

[2] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the federal limitations period began to run on July 20, 2011.

(11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).  Petitioner did not file his federal petition on or before July 20, 2012; therefore, it is untimely unless tolling principles apply and render it timely.

Although Section 2244(d)(2) provides for statutory tolling of the limitations period during the period a properly filed application for state post-conviction or other collateral review is pending, the parties agree that Petitioner's only post-conviction motion was filed after the limitations period expired and thus does not qualify for statutory tolling (see doc. 13 at 4–5; doc. 16 at 3).  See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (any post-conviction applications filed after the one-year federal limitations period expired do not toll the limitations period, because there was no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner contends he is entitled to equitable tolling of the limitations period (doc. 16 at 3–10).  He alleges he had difficulty obtaining documents regarding his criminal case from his former defense attorney, and did not receive the documents until March 26, 2012 (see id. at 2).  He asserts he spent sixty-two days, until May 27, 2012, researching state and federal collateral procedures, during which time he was permitted to use the institutional law library on five occasions (id.).  Petitioner asserts on May 27, 2012, he submitted a request to receive priority access to the law library because he had a filing deadline (id. at 2–3 & n.2).  He alleges he went to the law library on May 31, 2012, at which time an inmate law clerk, under the supervision of the institutional librarian, erroneously calculated his federal filing deadline as July 28, 2012 (id. at 2–3, 8–9).  Petitioner alleges he thus did not receive priority access until July 8, 2012, and was misled as to his federal filing deadline (id. at 3, 8–9).  Petitioner states he submitted his Rule 3.850 motion to the institution for word processing on July 16, 2012, copying on July 23, 2012, and mailing on July 24, 2012, which was after the federal limitations period expired (thus, he did not receive the benefit of statutory tolling of the federal limitations period) (id. at 2–3).

Section 2244(d) is subject to equitable tolling.  See Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010); San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir 2011).  Equitable tolling is a rare and extraordinary remedy.  See San Martin, 633 F.3d at 1271.  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and

(2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. 649 (citation and internal quotation marks omitted). The extraordinary circumstances must be circumstances beyond the petitioner's control. *See* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009). Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See* San Martin, 633 F.3d at 1267. The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." *Id.* (quotations omitted).

Petitioner relies upon Holland for his contention that the delay in his receiving necessary legal documents from his former attorney, and the miscalculation of the filing deadline by the inmate law clerk and librarian, constitute extraordinary circumstances (doc. 16 at 3–10). He additionally argues he was not represented by counsel in the state post-conviction proceeding, which constitutes cause for his procedural default under Martinez v. Ryan, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) (*id.* at 9–10).

Initially, the Eleventh Circuit recently determined that the reasoning of the Martinez rule does not apply to the AEDPA's limitations period in § 2254 cases or any potential tolling of that period. *See* Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014). Therefore, Martinez affords Petitioner no relief from the federal time bar.

Additionally, Petitioner has not demonstrated he is entitled to equitable tolling under Holland or its progeny. In Holland, the Supreme Court, while reiterating that mere attorney negligence does not warrant equitable tolling, nevertheless held that an attorney's serious misconduct may warrant such tolling. 560 U.S. at 652. In a subsequent decision, Maples v. Thomas, 132 S. Ct. 912 (2012), the Supreme Court held that an attorney's abandonment of a client without notice may constitute grounds for equitable tolling of the federal limitations period. *Id.* at 922–23, 927. In the Eleventh Circuit's recent decision of Cadet v. Fla. Dep't of Corr., 742 F.3d 473 (11th Cir. 2014), the court considered Holland and Maples, in determining the test for equitable tolling of the AEDPA's statute of limitations period, where a petitioner alleges the late filing was caused by his attorney's conduct. The Eleventh Circuit held that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship, such as may have occurred in Holland, is required." 742 F.3d at 481 (footnote omitted).

Unlike the situation in <u>Holland</u>, <u>Maples</u>, and <u>Cadet</u>, the circumstances in this case do not involve attorney misconduct.  Petitioner argues the delay in receiving legal documents from his former defense attorney delayed the filing of his federal petition.  In support of his argument, Petitioner submitted three letters from the state public defender's office ("PD's Office") (doc. 16, Ex. A).  The letters show that on February 29, 2012, Petitioner sent a letter to PD's Office requesting documents from his criminal case (*id.*).  On March 6, 2012, the PD's Office acknowledged Petitioner's letter, and advised him of the following:  (1) his file was located in an office at another location; (2) his former counsel would travel to that location as soon as possible to obtain the documents; and (3) the file was extensive, so it may take approximately thirty days to complete Petitioner's request (*id.*).  On March 14, 2012, the PD's Office sent Petitioner another letter, apparently in response to a letter from Petitioner dated March 11, 2012, advising Petitioner that the PD's Office was still in the process of obtaining his documents, and they would be forwarded to him as soon as possible (*id.*).  On March 26, 2012, the PD's Office sent Petitioner's documents to him (*id.*).

Petitioner's evidence does not suggest any misconduct on counsel's part.  Furthermore, Petitioner has not shown a causal connection between the delay in receiving the documents and the late filing of his federal petition.  The federal limitations period ran 224 days before Petitioner even sent his first request for the documents.  The PD's office sent the documents within thirty days of that request.  Although Petitioner may have exercised due diligence <u>after</u> he sent his first request to the PD's Office, he has not shown he made any effort, let alone reasonably diligent efforts, to obtain the documents sooner.  Therefore, he failed to show that the 30-day delay caused by former counsel's processing his request for documents was an extraordinary circumstance that caused the late filing of his federal petition.

With regard to the erroneous advice from the inmate law clerk and/or the institutional librarian regarding Petitioner's federal filing deadline, Petitioner does not allege that either person was actually representing him in any post-conviction matter.  Further, because "garden variety" negligence of counsel in miscalculating the AEDPA limitations period is insufficient to warrant equitable tolling, it does not seem that non-attorney negligence, which is what Petitioner alleges here, would warrant equitable tolling.  In this regard, this case appears more similar to those involving erroneous advice from inmate law clerks to pro se petitioners.  *See, e.g.*, <u>Wakefield v. Railroad Retirement Board</u>, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable

tolling"); <u>Whiddon v. Dugger</u>, 894 F.2d 1266, 1267 (11th Cir. 1990) (rejecting petitioner's argument for cause based "on his nonlawyer status, on what he sees as poor advice by inmate law clerks, and on a contention that he ought to have had legal assistance in preparing his collateral petition"); *see also* <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for fifteen days, entitled petitioner to equitable tolling of limitations period); *see also, e.g.,* <u>Stettner v. Sec'y, Dep't of Corr.</u>, No. 3:12cv527/RV/EMT, 2013 WL 6048811, at *5 (N.D. Fla. Nov. 14, 2013) (unpublished); <u>Leftwich v. Sec'y, Dep't of Corr.</u>, No. 3:10cv424–J–37MCR, 2011 WL 4947531, at *3 (M.D. Fla. Oct.17, 2011) (unpublished); <u>Joubert v. McNeil</u>, No. 08-23374-C, 2010 WL 451102, at *5 (S.D. Fla. Feb. 8, 2010) (unpublished). Therefore, Petitioner is not entitled to equitable tolling based upon his receiving erroneous advice from the inmate law clerk or institutional librarian.

III.   CONCLUSION

Petitioner's Section 2254 petition was filed after the federal limitations period expired. Petitioner failed to demonstrate he is entitled to equitable tolling of the limitations period. Further, he does not argue he is entitled to review of his claims through any other recognized exception to the time bar.  Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.  Rule 11(a) additionally provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.

If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 13) be **GRANTED**.

2.      That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of August 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**